## WILLIAM H. WAGNER *v.* JOHN F. CHOLLEY

[No. 8, January Term, 1943.]

*Decided March 16, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*Eugene Frederick* and *Eugene Eckhardt* submitted on brief for the appellant.

*John D. Alexander,* with whom was *William Pepper Constable* on the brief, for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

John F. Cholley, the appellee, recovered a judgment in the Court of Common Pleas of Stark County, Ohio, against the appellant, William H. Wagner. The judgment appears to have been regular as to form and procedure, and no attack in these respects has been made against it. The appellant is now a resident of Maryland, and the appellee, under the due faith and credit clause of the Constitution of the United States, Art. 4, Sec. 1, seeks to have his judgment entered in the courts of this

State. With the declaration, as amended, the plaintiff filed a properly certified copy of the record and proceedings in Ohio, all showing the judgment was regularly entered after service of process and default. The defendant, appellant, filed the general issue pleas, and the plaintiff demanded the particulars of the defenses, with which the defendant complied by assigning the following reasons for resisting the plaintiff's claim:

"1. That Plaintiff's alleged judgment is based on an illegal consideration, in that Plaintiff while acting as Defendant's attorney in prosecuting a claim under the Workmen's Compensation Laws of the State of Ohio received under an Order of the Workmen's Compensation Commission the compensation authorized and directed to be paid by the Commission, thereafter the plaintiff unlawfully and in direct violation of the Workmen's Compensation Commission rules and regulations demanded an additional fee from the Defendant, which, if paid, would have made the Plaintiff's compensation exceed in amount the sum received by the Defendant as Plaintiff's client.

"2. That after the Defendant changed his residence from the State of Ohio to the State of Maryland and while returning to the State of Ohio for the purpose of removing his furniture and effects to the State of Maryland, he was arrested on a pretended traffic violation, confined in a cell, held incommunicado, denied all right to counsel and never arraigned nor formally charged with any specific crime or offense and while incarcerated as aforesaid, Plaintiff arranged to have him served with the pretended process in the proceeding mentioned in Plaintiff's Amended Declaration. That the entire proceeding whereby Plaintiff undertook to have service of process upon this Defendant was fraudulent, unconstitutional, void and of no effect."

Thereupon, the plaintiff demurred to the pleas as particularized, the demurrer being sustained without leave to amend, and on judgment by default for want of plea, the defendant appeals.

The appellant had been duly served with process, with every opportunity to defend. He let judgment in Ohio go against him by default, and it is now too late for him to make the defenses which were available to him when he was sued. As said here in *Yost v. Yost,* 172 Md. 128, 132, 190 A. 753, 755, the Ohio judgment is conclusive of all matters, "which with proper diligence might have been interposed as a defense in the original action" in Ohio.

The appellant, in his bill of particulars to his plea, admits that he was voluntarily in the State of Ohio, wither he had gone to remove his belongings to Maryland. He said that while there "he was arrested on a pretended traffic violation, confined in a cell, held incommunicado, denied all right to counsel and never arraigned nor formally charged with any specific crime or offense, and while incarcerated, as aforesaid, plaintiff arranged to have him served with the pretended process (which appears from the record to have been regular) in the proceeding mentioned," and that the entire proceeding was "fraudulent, unconstitutional and of no effect." There was no allegation here that the defendant was in Ohio under circumstances as witness in litigation which would exempt him from immunity from suit. He admits that he was in Ohio voluntarily on business of his own. The bare allegation of a fraud, which is a serious charge, is not sufficient. It must be stated in such terms that, if true, must support the allegation. *Homer v. Crown Cork & Seal Co.,* 155 Md. 66, 82, 83, 141 A. 425. In addition to this, there is no charge that the plaintiff had anything to do with the arrest and detention of the defendant.

The proceedings in the Ohio court appear to have been regular, the court there having acquired jurisdiction by summons and service; the questions which could have been raised there are not open to inquiry here, and the judgment appealed from must be affirmed. *Northern Aluminum Co. v. Law,* 157 Md. 641, 647, 147 A. 715; Restatement, *Conflict of Laws,* Secs. 431, 432.

*Judgment affirmed, with costs.*